# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES ON BEHALF OF THE NORTHERN CALIFORNIA GENERAL TEAMSTERS SECURITY FUND,<br><br>Plaintiff,<br><br>vs.<br><br>FRESNO FRENCH BREAD BAKERY, INC. d/b/a BASQUE FRENCH BAKERY, and ALVIN LEWIS, an individual,<br><br>Defendants.<br>_____/ | CASE NO. 12-CV-0187 BAM<br><br>**ORDER ON PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' DEMAND FOR JURY TRIAL**<br><br>(Doc. 23) |

## INTRODUCTION

Before the Court is Plaintiff's Motion to Strike Defendants' Demand for Jury Trial. (Doc. 23). In the motion, Plaintiff contends that their complaint alleges causes of action under the Employee Retirement Income Security Act ("ERISA") and therefore Defendants are not entitled to a jury trial. Defendants filed an opposition conceding that Plaintiff's ERISA claims are not triable by jury, but that Plaintiff's state law claims are legal claims proper for a jury. (Doc. 33). No reply has been filed. This Court considered Plaintiff's motion on the briefing and without a hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DENIES Plaintiff's motion to strike Defendants'

demand for jury trial.

## BACKGROUND

Plaintiff manages the Northern California General Teamsters Security Fund ("fund") which administers an employee benefits plan ("plan"). Plaintiff's First Amended Complaint, Doc. 9. Defendant Fresno French Bread Bakery ("FFBB") produces baked goods for retail and commercial sale, and Defendant Alvin Lewis is FFBB's sole shareholder and chief executive officer. *Id.* at ¶ 3. In October 2007, FFBB became a party to a collective bargaining agreement ("CBA") that sets forth the terms and conditions of employment for drivers and route salesman employed by FFBB. *Id.* at ¶ 4. The CBA provides that FFBB will provide health and welfare benefits for each covererd employee who works eighty (80) hours or more in a month. *Id.* at ¶ 8.

In October 2009, Defendant Lewis' adult daughter, Ms. LeFevre, was added as beneficiary under the plan. Plaintiff alleges that Ms. LeFevre was never a collectively bargained employee covered by the CBA and was not eligible for benefits. *Id.* at ¶ 12. According to Plaintiff, Defendants intentionally misrepresented that Ms. LeFevre was eligible for benefits under the plan. Based on this misrepresentation, Plaintiff provided $320,244.50 in medical benefits to cover Ms. LeFevre's medical expenses. After Plaintiff learned that Ms. LeFevre was not eligible for benefits, it obtained refunds from some of her medical providers. However, a total balance of $263,135.24 in payments remains un-refunded. Plaintiff now demands $263,135.24 from Defendants on account of their misrepresentations. *Id.* at ¶ 13.

In its amended complaint, Plaintiff alleges one cause of action arising under ERISA, 29 U.S.C. § 1001 et seq.–Equitable Restitution. This cause of action seeks equitable relief as set forth in 29 U.S.C. §1132(a)(3). *Id.* at ¶ 16-18. Plaintiff also alleges two state law causes of action for fraudulent deceit under California Civil Code § 1709 and negligent misrepresentation. *Id.* at ¶ 22-28. Both of these causes of action seek monetary damages under California state law.

The parties dispute whether all of Plaintiff's claims are equitable in nature.

## LEGAL STANDARD

Federal Rule of Civil Procedure 39 provides: "when a jury trial has been demanded…, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury

unless … the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." FED. R. CIV. P. 39(a)(2). "The trial judge's decision to strike a demand for jury trial will be reversed upon a showing of abuse of discretion." *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1357 (9th Cir. 1984), *abrogation on other grounds recognized by Dytrt v. Mountain State Tel. & Tel. Co.*, 921 F.2d 889, 894, n. 4 (9th Cir. 1990).

The Seventh Amendment provides that "in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. CONST. amend. VII. The right to a jury trial exists, and will be "carefully preserved," where legal rights are at issue. *Chauffeurs, Teamsters and Helpers Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990). The Ninth Circuit has held that there is no right to a jury trial in ERISA cases. *See Thomas v. Oregon Fruit Prods. Co.*, 228 F.3d 991, 996-97 (9th Cir. 2000) ("[T]he remedies available to a participant or beneficiary under ERISA are equitable in nature and the Seventh Amendment does not require that a jury trial be afforded for claims made by participants or beneficiaries"). However, "an ERISA plaintiff is entitled to a jury trial if (1) the nature of his or her claim is analogous to a common law suit and (2) the remedy provided is legal (as opposed to equitable) in nature." *Thomas*, 228 F.3d at 995.

**DISCUSSION**

Plaintiff's have moved to strike Defendants' jury demand on the ground that a jury trial is not available for an action involving ERISA claims. The parties do not dispute that Plaintiff's ERISA cause of action is equitable and thus improper for a jury. *See Ingram v. Martin Marietta Long Term Disability Income Plan, etc.*, 244 F.3d 1109, 1114 (9th Cir. 2001) (there is no right to a jury trial on ERISA causes of action); *see also Thomas*, 228 F.3d at 997 (no right to a jury trial for ERISA claims). Defendants, however, oppose the motion, arguing that Plaintiff's two state law claims are legal in nature and should be bifurcated and tried to a jury. (Doc. 33). As discussed below, the Court finds that Defendants have a right to a jury trial on Plaintiff's state law claims.

To determine whether a particular action will resolve a legal or equitable right, the Court must examine the nature of the Plaintiff's issues and the remedy sought. *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 659 (6th Cir. 1996), *cert. denied*, 519 U.S. 807(1996). Examining the allegations and remedies of Plaintiff's complaint, Plaintiff seeks equitable restitution for its ERISA claim. For the state law

3

causes of action of fraudulent deceit and negligent misrepresentation, Plaintiff seeks monetary damages. Complaint ¶ 23. In his July 24, 2012, Order, District Judge Lawrence J. O'Neill held that Plaintiff's state law claims may proceed independently of Plaintiff's ERISA claims. (Doc. 30). Judge O'Neill refused to dismiss Plaintiff's state law claims finding that these claims did not conflict with ERISA. (Doc. 30 at 11). Thus, Plaintiff alleges legal claims which seek legal, not equitable, remedies.

In support of its motion to strike Defendants' jury demand, Plaintiff's cite *Golden v. Kelsey-Hayes Co.*, for the proposition that Plaintiff's state law claims are deemed equitable in nature under ERISA. *Golden*, 73 F.3d at 659. *Golden* involved an action to reinstate health care benefits and obtain damages sustained as a result of the defendants' refusal to pay health care benefits. *Id.* at 662. The Sixth Circuit held that this type of action was equitable in nature, and hence that no right to a jury trial existed. *Id.* at 661. The complaint in *Golden*, sought some relief couched in the language of damages, but did not include separate and distinct state law claims. For example, the *Golden* plaintiffs sought "damages equal to all costs and expenses sustained by class members . . . as a result of their refusal to provide the health care benefits negotiated by Kelsey-Hayes and the UAW. . . ." *Id.* The Court found that Plaintiff's particular case claiming a breach of a CBA was an equitable one, because Plaintiff was solely seeking specific performance of a contract.

*Golden* is distinguishable from the case before the Court. The Plaintiff in *Golden* sought injunctive relief, thereby making an otherwise legal action one of equity. Here, Plaintiff alleges separate legal claims that are not encompassed by its equitable ERISA action. Plaintiff's state law claims survived Defendants' ERISA preemption challenge, and therefore, the nature of these claims are legal or common law claims. As state law claims remain in this case and those underlying issues would entitle Plaintiff to a jury trial, this motion will be denied.

Further, neither party has provided the Court with any United States Supreme Court or Ninth Circuit authority holding that the remaining claims for fraudulent deceit and negligent misrepresentation may not be tried by jury in an ERISA action. In the absence of binding authority directly speaking to the issue at hand, the Court declines to strike Defendants' jury demand. "For we believe that in questionable cases such as the instant case, the strong federal policy governing jury trials is controlling." *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979); *Bower v. Bunker Hill Co.*, 675 F. Supp. 1254,

4

1262 (E.D. Wash. 1986) ("the strong federal policy favoring jury trials provides impetus for finding the right to a jury trial in questionable cases); *see also*, C.Wright & A.Miller, FEDERAL PRACTICE AND PROCEDURE § 2302 at 17.  Accordingly, the state law claims for fraudulent deceit and negligent misrepresentation may be tried to a jury.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES Plaintiff's motion to strike Defendants' demand for a jury trial.  (Doc. 23).

IT IS SO ORDERED.

Dated:   October 24, 2012           /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE